**GRAHAM v GREEN et**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 15769. Decided May 13, 1940.

Jones, Day, Cockley & Reavis, Cleveland; E. G. Krauss, Cleveland, for plaintiff-appellant.

E. A. Binyon, Director of Law for the City of East Cleveland, Cleveland, for defendant-appellees.

SHERICK, PJ., LEMERT, J., MONTGOMERY, J. (5th Dist.), sitting by designation.

**OPINION**

BY THE COURT:

We perceive no profit to be gained by a recitation of the many facts urged upon us, or a drawn out comment on the legal propositions advanced for a reversal of the judgment complained of, for the very pertinent reason that one primary issue should be and is dispositive of plaintiff's rights.

Before proceeding thereto, we are inclined to assert one thought within us which concerns another issue. Plaintiff maintains that the nature of this action is not a complaint against an illegal assessment, but that the fund created by the levy and collection

of the assessment was depleted and wrongly disbursed for purposes not contemplated by the resolution of necessity. We cannot follow this reasoning. If a purpose for which an assessment is made does not exist then it must follow that an assessment thereafter levied and assessed to consummate a non-existing purpose is not in accordance with any law which permits the levying of any such assessments. If there be no lawful purpose therefore, then the contemplated purposes are unlawful and the assessment attempted to be made to effect those purposes are illegal. The argument advanced is unique. Its approval must lead to the end of emasculation of §12075 GC.

And now, returning to the issue upon which we ground our conclusion; we would note certain facts. Plaintiff maintains and bears the burden of proving that the plans, specifications, estimates and profiles for the purposes found recited in the preamble to the resolution of necessity, and the matters found enumerated in Section 2 and 3 thereof, were not on file with the City Manager when the resolution of necessity was enacted on the 2nd day of December, 1924. This proof is not found within the record. Rather, the contrary is shown to be the fact. It is hardly to be expected that after a lapse of ten years, and eight years after the completion of the improvement, with changes in municipal personnel that all these papers and files respecting this project can be found and produced. It is shown that notice of the passage of the resolution of necessity with a copy thereof attached, was made upon plaintiff on Dec. 25, 1924. That thereafter in due course the assessing ordinance was enacted and the assessment levied and paid by the plaintiff without protest. We are now advised in open court that all assessments of all assessed property holders have been paid in full, and that the bonds then issued have all been paid and retired.

It is further shown that plaintiff is an ex-councilman and service director of this municipality, and therefore a man of experience and particularly versed in the city's legislative proced-

ure. He had due notice of the amount of assessments levied and to be collected. They were about $13.9 plus, per foot front for a seven foot widening job only as is now claimed because of the insufficiency of the preamble of the resolution of necessity. He made no objection but paid his assessments. He never appeard to examine these documents which are to be on file at the passage of the resolution. He and those whom he purports to represent as a class, saw the work progress to completion. He and they saw pipes and lines and sidewalks relocated, retaining walls erected, grass plots and private drives improved. His experience and knowledge advised him that the per foot front levy was far in excess of the cost of a mere seven foot widening. He sat mute until long after the projects' completion and he, with all the others, now enjoys the benefits conferred. Not until December 24, 1932, did he first voice an objection. For eight to nine years he slept upon his rights, if any he had. His procrastination is the converse of diligence.

We know of no recognized rule of equity or statutory warrant for aid in a court of chancery. It should not be necessary to quote the well known maxims. The defense of estoppel is properly made. The judgment must be and is affirmed.

SHERICK, PJ., LEMERT, J., & MONTGOMERY, J., concur.